Kemone D. RODGERS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–8841.

Court of Appeals of Alaska.

April 22, 2005.

---

Bethany P. Spalding, Assistant Public Defender, Fairbanks, and Barbara K. Brink, Public Defender, Anchorage, for the Appellant.

Jill S. Kinsley, Assistant District Attorney, Jeffrey A. O'Bryant, District Attorney, Fairbanks, and Gregg D. Renkes, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

A Fairbanks police officer believed that he saw Kemone D. Rodgers run a stop sign, so the officer stopped Rodgers to issue him a citation. This traffic stop ultimately led to Rodgers's convictions for driving under the influence and breath-test refusal. In this appeal, Rodgers argues that the traffic stop was unlawful and that all the ensuing evidence against him should be suppressed.

When this issue was litigated in the district court, District Court Judge Winston S. Burbank concluded that Rodgers had, in fact, stopped for the stop sign, and that the officer was mistaken in believing that Rodgers failed to stop. At the same time, however, Judge Burbank found that the officer acted in the good-faith belief that Rodgers ran the stop sign, and the judge further concluded that the officer's belief, although erroneous, was reasonable under the circumstances. For these reasons, Judge Burbank ruled that the officer "was justified in stopping Rodgers for a traffic violation".

On appeal, the State argues we should interpret this quoted language as equivalent to a ruling that the officer had reasonable suspicion to stop Rodgers's car. But under the circumstances of this case, "reasonable suspicion" is not enough to justify the traffic stop.

In Alaska, investigative stops are governed by the test announced by our supreme court in *Coleman v. State,* 553 P.2d 40 (Alaska 1976). Under the *Coleman* test, the police are not allowed to conduct an investigative stop whenever they have reasonable suspicion that someone has broken the law. Rather, an investigative stop must be supported by "reasonable suspicion that imminent public danger exists or [that] serious harm to persons or property has recently occurred".[1]

Even assuming that the officer had a good-faith and reasonable belief that Rodgers had just run the stop sign, the State never argued—and the district court never found—that the remainder of the *Coleman* test was satisfied. That is, the State never argued that Rodgers's act of running the stop sign provided reasonable suspicion of the existence of an imminent public danger, or reasonable suspicion that serious harm to persons or property had recently occurred. The State's failure to prove this component of the *Coleman* test means that the traffic stop was improper if the officer had only reasonable suspicion that Rodgers ran the stop sign.[2]

However, if the officer had probable cause to believe that he had just observed Rodgers run the stop sign, the ensuing traffic stop would be legal. Because we can not tell whether Judge Burbank employed a "probable cause" analysis when he made his ruling, we must remand Rodgers's case to the district court.

Judge Burbank shall determine whether the traffic stop was supported by probable cause to believe that Rodgers had just run the stop sign. The judge shall make findings on this issue, and he shall transmit those findings to this Court within 60 days. The parties shall then have 30 days to file simultaneous memoranda addressing Judge Burbank's findings.

After we have received Judge Burbank's findings and the supplemental memoranda of the parties, we shall resume our consideration of this case.

---

1. *Coleman,* 553 P.2d at 46.

2. *See State v. Moran,* 667 P.2d 734, 735 (Alaska App.1983).